IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. LIGGON-REDDING, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:07-CV-0847 |
| | : (JUDGE KOSIK) |
| AMERICAN SECURITIES, INS. and | : |
| NATIONAL CITY MORTGAGE | : |
| Defendants. | : |

## **MEMORANDUM**

Before the court is E. Liggon-Redding's (hereinafter "Plaintiff") complaint and motion for leave to proceed *in forma pauperis.* (Docs. 1 & 2). For the reasons that follow we will dismiss Plaintiff's complaint pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) and close this case.

### I. BACKGROUND

On January 30, 2006, Plaintiff filed a complaint in this district against the above defendants asserting claims of breach of contract. That case was docketed under the number 06-cv-227. The facts of that case are set forth in a Memorandum and Order issued by Judge James M. Munley on January 31, 2006. Plaintiff's first action against the defendants noted that Plaintiff's home was destroyed in a fire. Plaintiff's insurer was defendant, American Securities Ins. Company, and defendant, National City Mortgage, serviced Plaintiff's mortgage. Plaintiff claimed that American Securities issued a check in the amount of $39,281.23 for the loss of her home. Defendant,

National City Mortgage, agreed to accept that amount in satisfaction of the mortgage. According to Plaintiff, American Securities then paid National City Mortgage a total of $87,992.49. Plaintiff sought damages from National City Mortgage for the difference between those two amounts, roughly $48,000.00. She also requested damages from American Securities totaling roughly $60,000.00. That sum represented the remaining amount of insurance coverage on the home after the payment to National City Mortgage.

On January 31, 2006, Judge Munley dismissed Plaintiff's action for lack of subject matter jurisdiction. Specifically, Judge Munley held that Plaintiff's claims against each defendant did not exceed $75,000.00, the amount in controversy necessary to establish diversity jurisdiction. Plaintiff filed a notice of appeal to the Third Circuit on March 2, 2006. Plaintiff subsequently wrote a letter to Judge Munley on May 11, 2006. In that correspondence, Plaintiff related that she had been sued by Penn Forrest Township in the Court of Common Pleas for Carbon County. The township sought to have the fire damaged building declared a nuisance and to force Plaintiff to demolish the structure. Plaintiff further noted that she had unsuccessfully attempted to join American Securities Insurance and National City Mortgage as third party defendants in that case.

Plaintiff has now filed a second action, apparently arising out of the same events that served as the basis for the earlier breach of contract suit. We are uncertain as to the status of Plaintiff's appeal in the initial case. Plaintiff filed the instant action, *pro se*, on May 9, 2007. She cites to 18 U.S.C. §§ 1961-68, the Racketeer Influenced and Corrupt Organizations Act of 1984 (RICO), as the basis for

federal question jurisdiction. Plaintiff alleges only that "American Security Insurance Company and National City Mortgage conspired and are in collusion to deprive plaintiff of the proceeds of her fire insurance money." (*See* Complaint, Doc. 1). Plaintiff also requests that this court appoint "pro bono counsel." *Id*. Plaintiff additionally filed a motion for leave to proceed to *in forma pauperis*.

**II.   DISCUSSION**

28 U.S.C.A. §1915(e)(2) provides that a court may *sua sponte* dismiss a case filed by a plaintiff proceeding *in forma pauperis* under certain conditions. The section states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal
>         (I) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

*Id.*

28 U.S.C.A. §1915(e)(2)(B)(ii) provides a ground for dismissal similar to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . .." Pursuant to the Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings,

3

plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995). We apply the same analysis when contemplating dismissal pursuant to 28 U.S.C.A. §1915(e)(2)(B)(ii).

A civil action may be brought by, "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). That RICO section lists prohibited activities. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (internal citations omitted). In order to plead a "pattern of racketeering activity," however, a plaintiff must do more than merely allege the commission of the requisite number of predicate acts. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991). The Supreme Court has held that a RICO plaintiff must also show that "the racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in the original)).

Plaintiff's complaint fails to state any basis for a RICO action. Her allegations of present misconduct do not include any specific acts on the part of the defendants that violate 18 U.S.C. § 1962. Moreover, Plaintiff neglects to allege any related predicate acts. *See Kehr Packages, Inc.*, 926 F.2d at 1412 (holding "pattern of racketeering activity" requires commission of at least two related predicate acts and that acts pose threat of continued criminal activity). Accepting all of the allegations

4

in the complaint as true, Plaintiff has failed to state a RICO claim that could entitle her to any relief.  Accordingly, we will dismiss Plaintiff's complaint pursuant to 28 U.S.C.A. §1915(e)(2)(B)(ii).  This court will grant Plaintiff's motion to proceed *in forma pauperis* for the purposes of the filing the complaint only.[1]

---

[1] A search of internet-based research tools revealed several suits by Plaintiff in both state and federal courts in Pennsylvania and New Jersey.  This is not the first action in which Plaintiff has attempted to assert a RICO claim.  In *Liggon-Redding v. Cong. Title.,* Plaintiff filed a complaint in the District of New Jersey alleging fraud in the sale of her home.  The district court dismissed the complaint for want of subject matter jurisdiction.  On appeal to the Third Circuit, Plaintiff argued that the district court had jurisdiction under the RICO statute, despite that fact that she never cited RICO as a basis for jurisdiction in her complaint.  The Third Circuit dismissed Plaintiff's appeal under 28 U.S.C. § 1915(e)(2)(B).  *See Liggon-Redding v. Cong. Title*, 2007 U.S. App. LEXIS 9408, 2-3 (3d Cir. 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. LIGGON-REDDING, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 3:07-CV-0847 |
| : | (JUDGE KOSIK) |
| AMERICAN SECURITIES, INS. and : | |
| NATIONAL CITY MORTGAGE : | |
| : | |
| Defendants. : | |

## **ORDER**

AND NOW, this 16th day of May, 2007, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C.A. §1915(e)(2)(B)(ii);

[2] the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purposes of the filing of the complaint only; and,

[3] the Clerk of Court is directed to close this case.

*s/Edwin M. Kosik*
United States District Judge